## Robbins v. Young et al.

*George T. Hambright* and *John E. Malone*, for plaintiff and petition.
*William C. Rehm* and *Charles W. Eaby*, contra.

LANDIS, P. J., Jan. 19, 1929.—On Sept. 28, 1928, the plaintiff brought suit against the defendants in trespass, and the writ was served on Oct. 2, 1928. On Nov. 24, 1928, Ruth C. Robbins presented her petition, alleging that Albert E. Robbins, Jr., had instituted the suit against the defendants to recover damages for injuries to his personal property caused by an automobile accident. She claims that she suffered severe personal injuries in the same accident, and, therefore, asks to be allowed to join in the action as a plaintiff.

Section 1 of the Act of May 8, 1895, P. L. 54, provides "that whenever injury, not resulting in death, shall be wrongly inflicted upon the person of the wife, and a right of action for such wrongful injury accrues to the wife and also to the husband, these two rights of action shall be redressed in only one suit brought in the names of the husband and the wife." Section 2 declares that "either the husband or the wife may waive his or her right of action, and his or her failure to join in the suit within twenty days after service of a rule to join or be barred shall be conclusive evidence of such waiver; but if both

join in the suit, separate verdicts shall be rendered, one verdict determining the right of the wife and the other verdict determining the right of the husband, and separate judgments shall be entered thereon with the right to separate executions. The rule herein referred to may be entered by the court of its own motion." The purpose of the act is to save the costs of two actions where husband and wife are concerned in the same cause of action.

But in this case the plaintiff, the husband, brought suit to recover damages for injuries to his personal property caused by an automobile accident, and not for any loss occasioned to him by reason of his wife's injury. The wife had no interest in this suit. Why, then, she should be made party to it, I cannot see. She can bring suit in her own name for her injuries and he can join in that suit to the extent of his interest.

The present proceeding is, in my judgment, unsustainable. In Bradley v. Albright, 1 Wash. Co. Repr. 199, it was held that a joint action by husband and wife cannot be maintained by them jointly where no injury is shown to have been suffered by them jointly.

I am of the opinion that this rule should be discharged. Rule discharged.

From George Ross Eshleman, Lancaster, Pa.